IN THE UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

Boston Division

MELIK D. HARRISON,

Plaintiff,*

vs.

PLYMOUTH COUNTY SHERIFF

in his official capacity, and

SHERIFF DEPUTY OLIVER,

in his individual and official capacity, and
SUPERINTENDENT ANTONE MONIC, in his official capacity.

Defendants.

Record No. _____

Civil Complaint

1.  This is an action under 42 U.S.C. section 1983 as a result of defendant county employee(s) and county employer actions which constitute deliberate indifference in (1) failing to provide appropiate and procedural inmate-work bio-hazard training to safely handle government plumbing or bio-hazard equipment and (2) failing to conduct daily security checks on everyday use of government equipment by trained inmate-workers or staff and (3) failing to remove or replace government equipment knew to have been broken or malfunctioning that ultimately resulted in the Plaintiff suffering substantial and what could have been life threating injuries after he slipped and fell on a broken wheel and rolled down a flight of steel steps approximately twenty-to-twenty five feet down.

---

* Due to Plaintiff's mental illness, mild retardness (acute diagnoses), and lack of an adequate I.Q. education he is ill-equipped with the basic fundamentals of the law to soundly file and/or represent himself pro sē in either the filing or future proceedings in this case. An inmate has assisted Plaintiff in the preparing of this complaint based on the assisting inmate's understanding of the facts as relayed by the Plaintiff. Due to this and his indigency Plaintiff will seek appointment of counsel.

1

## PARTIES

2. The Plaintiff Melik Harrision ("Mr. Harrision") is an inmate with the Massachusetts Department of Corrections and is a State-convicted inmate. At all times relevant in this Complaint Mr. Harrision was confined at Plymouth County Jail under the lawful custody of the Sheriff of Plymouth County, Massachusetts awaiting transfer to the Department of Corrections after he was convicted. Currently Mr. Harrision is residing at the following address:

> Melik D. Harrision
> Inmate No. W114926
> Souza-Baranowski Correctional Center
> P.O. Box 8000
> Shirley, Massachusetts 01464

3. Defendant Plymouth County Sheriff (Defendant Sheriff) is the legal body and the Government official to lawfully hold pre-trial detainees and inmates awaiting DOC transfer after convictions. He is legally responsible for the Operations, Rules, Policies and Procedures, and the security of Plymouth County Jail and the inmates under his lawful custody and care. Plymouth County Commissioner is his employer. Def. Sheriff is being sued in his official capacity:

> Sheriff's Office
> Joseph D. McDonald, Jr.
> 24 Long Pond Road
> Plymouth, Massachusetts 02360
> Telephone: 508-830-6200

[Cont'd on Page No. 3]

4. Defendant Sheriff Deputy Oliver ("Def. Oliver") is an employee of the United States Government and is employed by Defendant Sheriff and he was on official assignment the night of December 31, 2020 as the housing unit officer. While on this assignment he is and was responsible for the supervision of the inmates assigned to his housing assignment and responsible for ensuring all Government equipment accessible to both staff and inmates are secure and operable; as authorized by Def. Sheriff and Def. Monic. He is being sued in his individual and official capacities. His employer is Defendant Sheriff and Def. Monic:

        Plymouth County Correctional Facility
        Deputy Sheriff Oliver
        26 Long Pond Road
        Plymouth, Massachusetts 02360
        Telephone No. 508-830-6200

5. Defendant Antone Monic ("Def. Monic") is an employer of the United States Government as the Superintendent of the Plymouth County Correctional Facility. He is the legal official and is responsible for the ordinary operations and enforcing those operations, procedures, and policies of the Plymouth County Correctional Facility. He is lawfully liable for the care of of inmates detained in said county correctional facility. Defendant Oliver is an employee for Def.'s Monic and Sheriff. Def. Monic is being sued in his official capacity:

        Plymouth County Correctional Facility
        Superintendent Antone Monic
        26 Long Pond Road
        Plymouth, Massachusetts 02360
        Telephone No. 508-830-6200

## STATEMENT OF FACTS

6. While an inmate under the wellfare and legal custody of Def.'s Sheriff and Monic, Mr. Harrision was under the direct supervision of Def. Oliver, who was assigned as the officer on the housing unit Mr. Harrision was housed in.

7. On the 31st of December of year 2020 at approximately 10:00 o'clock PM Mr. Harrision advised Def. Oliver that his cell's toliet was not flushing correctly and that feces, urine, and other bodily waste was remaining in his toliet as a result.

8. Mr. Harrision had been informing staff and Def. Oliver for serval days of the toliet misfunction and presence of the bio-waste in his toliet.

9. However, none of Def.'s Sheriff or Monic's employees took any procedural precautions to (1) either re-assign Mr. Harrision to another cell until his plumbing was fix and the biohazard removed out of the toliet, (2) report and to have maintainence personnel or trained inmate-worker to correct the misfunction and remove the biohazards, (3) or provide Mr. Harrision with the procedural and mandatory inmate-worker biohazard training so Mr. Harrision could correctly and safely fix the misfunction; and safely handle the biohazard in his toliet and the biohazard Government equipment to do so being the employees and Def. Oliver did not provide other assistance.

10. Instead, on the night in question December 31, 2020, an hour and a half later at approximately 11:00PM – 11:45PM; Def. Oliver recklessly released Mr. Harrision out of his cell to access and handle the Government biohazard equipment to correct the toliet misfunction and to remove the biohazard (waste).

4

11. Mr. Harrision was not an inmate-worker; which requires approval by Def.'s Sheriff and Monic's employees. Nor had Mr. Harrision ever received or knew of any biohazard training to safely handle biohazard equipment.

12. Def. Oliver directed Mr. Harrision to the Government biohazard equipment to use in an attempt to fix his own toliet.

13. The biohazard equipment was a mechanical (manuel) hand-use "snake" and was in a biohazard "bucket" that appeared to have wheels on the bottom of the bucket.

14. Def. Oliver had not offered to or advised Mr. Harrision as to how to safely access or use either the bucket or "snake".

15. Nor had Def. Oliver provide a security inspection of the equipment before allowing Mr. Harrision to access or handle the equipment; as is standard procedure whenever an inmate access or uses any Government equipment that has metal or iron. The bucket and snake had metal or iron.

16. As a direct result to Def. Oliver's inactions and deliberate indifference to Mr. Harrision's personal and health safety Mr. Harrision was physically hurt as a result.

17. While walking up the flight of metal stairs holding the bucket and snake in his arms a wheel on the bottom of the bucket fell off the bucket without Mr. Harrision tampering with or deliberately causing the wheel to do so.

5

18.  Inadvertently Mr. Harrision stepped on the broken metal wheel — not knowing the wheel fell off initially — and lost his down-right balance Mr. Harrision slipped and rolled down approximately 7 to 10 metal stairs.

19.  Mr. Harrision's head, shoulders and back were repeatedly in contact with the dangerous fall.

20.  Immediately Mr. Harrision was escorted to the Health Services Unit in a wheel chair for trauma medical treatment.

21.  Radiological Film studies were needed and due to the substantial pains in his head, neck and back Mr. Harrision was ordered pain medications.

22.  Falling in this dangerous manner Mr. Harrision could have suffered a life-ending blow to the head or a Traumatic Brain Injury.

23.  Mr. Harrision continues to receive post-treatment for his injuries and continue to suffer extreme pains in the back and will need continuing medical treatment to treat and managment that unwanted of physical pain.

24.  Mr. Harrision suffered cruel and unusual punishment and the unnecessary infliction and wanton of pain because of the physical injuries he received for the slip & fall defendants' lack of policies or enforcing thereof, and Def. Bliver's indifference.

25. Defendants are employees of the Commonwealth and are responsible for the safekeeping of plaintiff while he is in the custody of the Commonwealth and when he was in the custody of the Plymouth County Correctional Facility. These defendants' failed in those duties to Mr. Harrison.

HARRISION'S EXHAUSTION OF ADMINISTRATIVE REMEDIES

26. Mr. Harrison filed Grievances in association with these claims at the Plymouth County Correctional Facility.

27. Mr. Harisions Initial grievance Was denied

28. Grievance appeal Was denied

29. Mr. Harrison seeks relief from this Court for his injuries caused by the defendants.

CLAIMS FOR RELIEF

The facts set forth herein violate Plaintiff's rights under federal and State laws; to include his 8th Amendment rights' under the United States Constitution.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays this Honorable Court to:

1. Grant damages in the amount of $15.5 million to compensate Plaintiff for his injuries, pain & suffering, and what could have been death; plus interest and the cost of the proceedings;

2. Grant such equitable, including injunctive, relief as may be available, just, and proper;

3. Grant Plaintiff cost and attorney fees, if applicable;

4. Grant Plaintiff appointment-of-counsel if this Complaint is not summarily dismissed (see footnote *); and

5. Grant such other relief as this Court deems just and proper.

Respectfully Submitted[1],

x  Melik. Harrison
Melik D. Harrison
Souza-Baranowski Corr. Center
P.O. Box 8000
Shirley, MA 01464

Dated: December 15th 2021

---

[1] I, Melik Harrison, the Plaintiff, has read and verified this Complaint and declare, under my signature, under penalty of perjury that the facts in this Complaint are true.

8