UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 21-12096-RGS

MELIK HARRISON,

v.

PLYMOUTH COUNTY SHERIFF, in his official capacity,
SHERIFF DEPUTY OLIVER in his individual and official capacities, and
SUPERINTENDENT ANTONE MONIZ, in his official capacity,

MEMORANDUM AND ORDER

February 18, 2022

STEARNS, D.J.

Plaintiff Melik Harrison's motion to proceed in forma pauperis will be denied as insufficiently supported. The Complaint, brought under the cruel and unusual treatment prohibition of the Eighth Amendment, will be dismissed for failure to state a claim upon which relief can be granted.

BACKGROUND

On December 20, 2021, Harrison brought this federal civil rights action under 42 U.S.C. §1983, against the Plymouth County Sheriff, Superintendent Antone Moniz, and Deputy (FNU) Oliver. Compl. ¶ 1 (Dkt. #1). Harrison, a state prisoner at Souza-Baranowski Correctional Center in Shirley, Massachusetts, alleges that on December 31, 2020, while at the Plymouth County Jail awaiting transfer to the custody of the Department of

Correction, he was injured by the negligence of Deputy Oliver. Harrison had advised Deputy Oliver that his cell toilet was not flushing properly (Harrison claims that he had been complaining about the problem for several days). Compl. ¶¶ 2, 7, 8. At approximately 11:00 p.m., Oliver "released" Harrison to retrieve a wheeled bucket and plumber's snake without instructing him on its proper use.[1] *Id*. ¶¶ 9-12, 14-15. As Harrison carried the bucket up a flight of stairs, a wheel came loose, causing him to trip and fall down ten metal steps. *Id*.¶¶ 17-19. Harrison asserts that he suffered injuries and "immediately . . . was escorted to the Health Services Unit in a wheelchair for trauma medical treatment," which included "film studies" and "pain medications." *Id*. ¶¶ 20-21. Harrison avers that he continues to receive medical treatment for his injuries. *Id*. ¶ 23.

Harrison alleges that Deputy Oliver's actions constitute cruel and unusual punishment under the Eighth Amendment to the United States Constitution. He also represents that he has exhausted the Department of Correction's administrative remedy requirements. He seeks $15.5 million in damages and "available" injunctive relief. Compl. at 8 ¶ 2.

---

[1] Harrison contends that Deputy Oliver violated "standard procedure" in failing to perform a "security inspection of the equipment before allowing Harrison to access or handle . . . government equipment that has metal or iron." Compl. ¶ 15.

DISCUSSION

As an initial matter, to the extent that Harrison seeks official capacity monetary damages from the Plymouth County Sheriff, Deputy Oliver, and Superintendent Moniz, *see* Compl. ¶¶ 3, 4, and 5, these claims are dismissed. Commonwealth defendants sued in their official capacities are immune from suit under the Eleventh Amendment. *See Caisse v. DuBois*, 346 F.3d 213, 218 (1st Cir. 2003); 28 U.S.C. §1915A(a)(2).[2] Additionally, Harrison's claim for injunctive relief is moot as he is no longer incarcerated at the Plymouth jail. *See Ford v. Bender*, 768 F.3d 15, 29 (1st Cir. 2014) ("A prisoner's challenge to prison conditions or policies is generally rendered moot by his transfer or release.").

The only claim remaining is a § 1983 claim for money damages against Deputy Oliver in his individual capacity. Compl. ¶ 4; *see Haidak v. Univ. of Massachusetts-Amherst*, 933 F.3d 56, 76 (1st Cir. 2019) ("The Eleventh Amendment does not bar suits for damages against state officials sued in their individual capacities, though such officials are usually protected by

---

[2] Moreover, in addition to Eleventh Amendment sovereign immunity, "[n]o cause of action for damages is stated under 42 U.S.C. § 1983 against a state, its agency, or its officials acting in an official capacity." *Nieves-Marquez v. Puerto Rico*, 353 F.3d 108, 124 (1st Cir. 2003) (citing *Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 71, 109 (1989)).

common-law immunity."). The Complaint contains no factual allegations supporting an Eighth Amendment cruel and unusual punishment claim.

The Eighth Amendment to the United States Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "To make out an Eighth Amendment violation predicated on prison conditions . . . a plaintiff must show that he was subjected to treatment that, objectively, posed an 'excessive risk to inmate health or safety' or a 'substantial risk of serious harm,' and that the defendants were, subjectively, 'deliberately indifferent' to those risks." *Feijoo v. Massachusetts Dep't of Pub. Safety*, 62 F. Supp. 3d 198, 201 (D. Mass. 2014) (quoting *Farmer*, 511 U.S. 825, 834 (1994)).[3] "Mere inadvertence or negligence does not violate the Eighth Amendment." *Farmer*, 511 U.S. at 860 (Thomas, J. concurring) (punctuation and quotations omitted).

---

[3] "Deliberate indifference" requires a showing that a defendant "had a culpable state of mind and intended wantonly to inflict pain." *DeRosiers v. Moran,* 949 F.2d 15, 19 (1st Cir. 1991) (equating deliberate indifference with criminal recklessness).

4

Presuming for arguments sake that Deputy Oliver failed to inspect the integrity of the bucket and snake, or failed to instruct Harrison in their proper use, neither failure rises to the level of a substantial risk of serious harm or a showing of deliberate indifference. What Harrison alleges is simply a garden variety trip and fall negligence case that is not actionable as an Eighth Amendment violation. *See e.g., Daniels v. Williams*, 474 U.S. 327, 328 (1986) (dismissing a section 1983 Due Process claim where an inmate tripped on a pillow left on stairs by a corrections officer).

## ORDER

For the reasons stated above:

1. Plaintiff's action is DISMISSED without prejudice under 28 U.S.C. §1915A(b)(1) and (2);

2. Plaintiff's motion to proceed *in forma pauperis*, Dkt. #3, is DENIED without prejudice because the affidavit does not comply with 28 U.S.C. §1915(a);

3. Plaintiff's motion to appoint counsel, Dkt. 2, is DENIED as MOOT; and

4. The Clerk is directed to enter a separate order of dismissal.

SO ORDERED.

/s/ Honorable Richard G. Stearns
UNITED STATES DISTRICT JUDGE